UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAS CANZONI,<br><br>            Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA N.A., SHELLPOINT MORTGAGE SERVICING, and NORTH STAR TRUSTEE, LLC,<br><br>            Defendants. | Case No. C23-5489<br><br>ORDER OF REMAND |

This matter comes before the Court on defendants' "Notice of Removal" (Dkt. # 1) and "Motion for Extension of Time to Respond to Plaintiff's Complaint" (Dkt. # 5). Having reviewed the filings and the remainder of the record, the Court finds as follows:

**I. Background**

Plaintiff filed the instant suit on April 24, 2023 in Thurston County Superior Court. Dkt. # 1-1. The complaint alleges state law claims including trespass to land, constructive fraud, conversion, breach of fiduciary duty, unjust enrichment, and slander of title against defendants Bank of America, Shellpoint Mortgage Servicing, and North Star Trustee LLC in relation to a scheduled foreclosure sale of plaintiff's residence. *Id.*

On May 25, 2023, defendant Bank of America filed a notice of removal,[1] asserting that this Court has jurisdiction over the matter based on diversity of citizenship. Dkt. # 1 at 3-7.

---

[1] Both Shellpoint Mortgage Servicing LLC and North Star Trustee LLC consent to removal. *See* Dkt. # 1 at 3.

ORDER OF REMAND - 1

Specifically, defendants allege that plaintiff is a citizen of Washington, that Bank of America is a citizen of North Carolina, and that Shellpoint Mortgage Servicing LLC is a citizen of Delaware and New York. *Id.* at 4-5. Defendants further allege that although North Star Trustee LLC ("North Star") is a citizen of Washington, its citizenship should not be considered for the purposes of establishing diversity jurisdiction as North Star is a "nominal defendant" that has no interest in the action. *Id.* at 5.

**II. Analysis**

Under 28 U.S.C. § 1441(a), a defendant may timely remove a state-court action to federal court if the federal court has original jurisdiction over the dispute. As the removing party, a defendant has the burden of establishing that removal is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Where, as here, removal is based on diversity of citizenship, the relevant statute requires that the matter in controversy exceed $75,000 and that all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity"—i.e., that each plaintiff is diverse from each defendant. *Teledyne v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1990). However, "[c]ircuit law teaches that courts should 'ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" *Silva v. Wells Fargo Bank N.A.*, No. C11–32GAF-JCGX, 2011 WL 2437514, at *2 (C.D. Cal. June 16, 2011) (quoting *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)); *see also Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity . . . ."). "The paradigmatic nominal defendant is a trustee, agent, or depositary who is joined purely as a means of facilitating collection." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal punctuation and citation omitted). In light of this, many courts have found that a trustee under a deed of trust is a nominal defendant in an action challenging the

ORDER OF REMAND - 2

foreclosure or threatened foreclosure of property. *Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-RSM, 2011 WL 4074300, at *2 (W.D. Wash. Sept. 13, 2011) (collecting cases).

However, a defendant's status as a trustee, standing alone, is not dispositive. *See Couture v. Wells Fargo Bank, N.A.*, No. C11-1096IEG-CAB, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011). Where, for example, plaintiffs have asserted causes of actions or requests for relief directly against the trustee, courts have held that a trustee under a deed of trust is *not* a nominal defendant. *See, e.g.*, *id.*; *Silva v. Wells Fargo Bank NA*, No. C11-32GAF JCGX, 2011 WL 2437514 (C.D. Cal. June 16, 2011); *Leem v. Bank of Am. Home Loans*, No. C13-1517RSL, 2014 WL 897378 (W.D. Wash. Mar. 6, 2014). The claims asserted against the trustee need not be meritorious to preclude a finding that the trustee is a "nominal" defendant. *See Floyd v. Nw. Tr. Servs., Inc.*, No. C16-581RBL, 2016 WL 7407228, at *2 (W.D. Wash. Dec. 22, 2016) (explaining that because plaintiffs made specific claims and sought money damages against trustee, it was not a "nominal defendant," noting that while "the claims may be without merit [that] does not mean that they have not been asserted"); *Cervantes v. Wells Fargo Bank, N.A.*, No. C15-178JLS-DTBX, 2015 WL 2127215, at *4 (C.D. Cal. May 6, 2015) (noting that "while [defendant] may believe Plaintiffs cannot state a claim against [trustee], it has failed to show that [trustee] has been joined in a merely nominal capacity"). The inquiry instead turns on whether the trustee truly lacks any interest in the outcome of plaintiff's claims. *See Prudential Real Estate*, 204 F.3d at 873. Removing defendants bear the burden of proving a defendant is a nominal party. *Silva*, 2011 WL 2437514, at *3.

Here, the Court finds that defendants have not demonstrated that North Star is merely a nominal defendant. While the Court passes no comment on the merit of plaintiff's claims, the complaint alleges that North Star has breached its fiduciary duty to plaintiff – in part by failing to act as a "neutral party" – as well as committed the torts of trespass, fraud, and conversion. *See, e.g.*, Dkt. # 1 at 25, 27. The complaint further seeks monetary damages and injunctive relief against all defendants, including North Star. *Id.* at 34. Given that defendants shoulder the burden of affirmatively demonstrating that North Star is not a real party in interest and that plaintiff's complaint – construed liberally given his *pro se* status – appears to raise claims directly against

ORDER OF REMAND - 3

North Star for monetary damages and injunctive relief, the Court is not satisfied that North Star is merely a "neutral" party with "no interest in the outcome," *Prasad*, 2011 WL 4074300, at *3, nor is it convinced that North Star is being sued "merely to perform [a] ministerial act," *Prudential Real Estate*, 204 F.3d at 873.

Because both plaintiff and North Star are citizens of Washington, defendants cannot establish the complete diversity of citizenship required to invoke this Court's jurisdiction under 28 U.S.C. § 1332 and the case must be remanded. Accordingly, the Court declines to rule on defendants' motion for extension of time to respond to plaintiff's complaint.

### III. Conclusion

Because defendants have failed to demonstrate that complete diversity exists in this matter, the Court REMANDS this matter to Thurston County Superior Court. The Clerk is respectfully directed to strike defendants' motion for extension of time (Dkt. # 5) and close the case.

IT IS SO ORDERED.

DATED this 5th day of June, 2023.

Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 4